UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE: _____

JAN BENSON SEGAL,

    Plaintiff,

vs.

OAKLAND PARK INN, INC. d/b/a BEST
WESTERN PLUS, a Florida Corporation, and
ALICE MARQUEZ, individually,

    Defendants.
_____/

## COMPLAINT

Plaintiff, JAN BENSON SEGAL, sues Defendants, OAKLAND PARK INN, INC. d/b/a BEST WESTERN PLUS, a Florida corporation and ALICE MARQUEZ (hereinafter "Defendants"), and as grounds alleges:

### JURISDICTION, PARTIES, AND VENUE

1. This is an action for injunctive relief, a declaration or rights, attorneys' fees, litigation expenses, and costs pursuant to 42 U.S.C. § 12181, et seq., (the "Americans with Disabilities Act" or "ADA") and 28 U.S.C. §§ 2201 and 2202.

2. The Court has original jurisdiction over Plaintiff's claims arising under 42 U.S.C. § 12181, et seq., pursuant to 28 U.S.C. §§ 1331 and 1343.

3. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 2201 and 2202, and may render declaratory judgment on the existence or nonexistence of any right under 42 U.S.C. § 12181, et seq.

4. Plaintiff, JAN BENSON SEGAL, is an individual over eighteen years of age, residing and domiciled in Broward County, Florida, and is otherwise *sui juris*.

5. At all times material, Defendant, OAKLAND PARK INN, INC. d/b/a BEST WESTERN PLUS, was and is a corporation authorized to do business in the State of Florida with agents and/or offices in Broward County, Florida which operated, owned and/or leased a Best Western hotel located at 3001 N. Federal Highway, Fort Lauderdale, Florida 33306.

6. At all times material, Defendant, ALICE MARQUEZ, was and is an individual who owned the property located at 3001 N. Federal Highway, Fort Lauderdale, Florida 33306.

7. Venue is properly located in the Southern District of Florida because Defendants' property is located in and does business within Broward County, and because a substantial part of the events or omissions giving rise to this claim occurred in Broward County, Florida.

## FACTUAL ALLEGATIONS

8. Plaintiff, JAN BENSON SEGAL, is an individual with disabilities as defined by the ADA. Plaintiff suffers from cerebral palsy, which renders him unable to ambulate without a motorized device. Plaintiff, JAN BENSON SEGAL, has visited the property located at 3001 N. Federal Highway, Fort Lauderdale, Florida 33306 that forms the basis of this lawsuit and plans to return to the property to avail himself of the goods and services offered to the public at the property. Plaintiff resides within the same county as the subject-property and is domiciled in close proximity to the subject property.

9. The Plaintiff has encountered architectural barriers at the subject property, and wishes to continue his patronage and use of the premises. Plaintiff has suffered and will continue to suffer direct and indirect injury as a result of the Defendants' discrimination until the Defendants are compelled to comply with the requirements of the ADA.

10.     The barriers to access at Defendants' property have denied or diminished Plaintiff's ability to visit the property and endangered his safety.  The barriers to access, which are set forth below, have likewise posed a risk of injury, embarrassment, and discomfort to Plaintiff.

11.     Defendants own, lease, lease to, or operate a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104. Defendants are responsible for complying with the obligations of the ADA.  The place of public accommodation that the Defendants own, operate, lease or lease to, is known as a BEST WESTERN PLUS OAKLAND PARK INN, which is located at 3001 N. Federal Highway, Fort Lauderdale, Florida 33306.

12.     Plaintiff has a realistic, credible, existing and continuing threat of discrimination from the Defendants' non-compliance with the ADA with respect to the described property but not necessarily limited to the allegations in paragraph 14 of this Complaint.  Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA by the Defendants.  Plaintiff desires to visit the hotel located at 3001 N. Federal Highway, Fort Lauderdale, Florida 33306, not only to avail himself of the goods and services available at the property but to assure himself that this property is in compliance with the ADA so that he and others similarly situated will have full and equal enjoyment of the property without fear of discrimination.

13.     Defendants have discriminated against the individual Plaintiff by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 <u>et seq</u>.

14. Defendants have discriminated, and continue to discriminate, against Plaintiff in violation of the ADA by failing, *inter alia*, to have accessible facilities by January 26, 1992 (or January 26, 1993, if a Defendant has 10 or fewer employees and gross receipts of $500,000 or less). A preliminary inspection of the hotel located at 3001 N. Federal Highway, Fort Lauderdale, Florida 33306, has shown that violations exist. These violations include, but are not limited to:

### Parking

1. Some of the designated accessible parking spaces do not have the proper signage in violation of Sections 4.6.4 and 4.30 in violation of ADAAG.

2. There is a passenger unloading area provided for public use without designating an area for disabled use in violation of Section 4.6.6 of the ADAAG.

3. Some of the disabled use spaces and/or unloading areas are located on a slope in violation of Sections 4.6.3 and 4.6.6 of the ADAAG.

4. There are disabled use spaces that do not have clear and level access aisles provided, violating Sections 4.1.2, and 4.6.3 of the ADAAG

5. In this parking area, there are an insufficient number of spaces designated for disabled use, violating Sections 4.1.2 (5) and 4.6.1 of the ADAAG.

6. The accessible parking spaces are not dispersed and located closest to the accessible entrances, violating Section 4.6.2 of the ADAAG.

7. Some of the disable use spaces have an uneven surface in violation of Section 4.6.3 of the ADAAG.

8. Insufficient "van accessible" spaces, violating Section 4.1.2 (5)(b) of the ADAAG.

### Entrance Access and Path of Travel

1. There are ramps at the facility that contain excessive slopes or cross slopes in violation of Sections 4.8.2 and 4.8.6 of the ADAAG.

2. Outside ramps do not have proper drainage, allowing for water to accumulate in violation of ADAAG Section 4.8.8.

3. There are changes in levels of greater than ½ inch, on the accessible route to the public street violating Sections 4.3.8 and 4.5.2 of the ADAAG.

4. The maneuvering clearances and sloped entrance at doors to the facility are less than the prescribed minimums, in violation of Section 4.13.6 of the ADAAG.

5. There are doorways at the facility that do not have level landings in violation of Section 4.13.6 of the ADAAG.

6. There are changes in levels of greater than ½ inch, violating Section 4.3.8 of the ADAAG.

## Access to Goods and Services

1. There are permanently designated interior spaces without proper signage in violation of Sections 4.1.2 and 4.30 of the ADAAG.

2. There is seating provided at the facility that does not comply with the standards prescribed in Section 4.32 of the ADAAG.

3. There are self-service areas with dispensers whose controls are outside of the reach ranges prescribed in Section 4.2 of the ADAAG.

4. There are recreational areas for public use at the facility without the required diabled use elements, in violation of several sections of the ADAAG.

5. There are showers provided at the pool area without the elements to facilitate use by the disabled in violation of several sections of the ADAAG.

Accessible guest rooms

1.  There are rooms for public lodging at the facility without the required disabled use elements, in violation of several Sections of the ADAAG.

2.  There are barriers to access in the guestrooms designated for disabled use in violation of several Sections of the ADAAG.

3.  The rooms designated for disabled use do not provide a 36-inch clear floor space on both sides of the bed in violation of Section 9 of the ADAAG.

4.  The rooms designated for disabled use do not provide elements equipped for use by the hearing and/or visually impaired, there is not a visual alarm violating Section 9 of the ADAAG.

5.  The rooms designated for disabled use provide elements with controls and/or dispensers outside of the required reach ranges violating Sections 4.2 and 9 of the ADAAG.

6.  The fixtures in the disabled use room have controls that cannot be operated with a closed fist in violation of the ADAAG.

7.  There are areas for storage provided without the clear floor space prescribed in Sections 4.2, 4.25.2 and 9 of the ADAAG.

8.  The rooms designated for disabled use do not provide a roll-in shower for use by the disabled, violating Section 9 of the ADAAG.

9.  The water closets that are provided for public use at the facility violate the provisions of Section 4.16 of the ADAAG.

10. The grab-bars in the restroom provided in the room designated as accessible do not comply with the requirements prescribed in Sections 4.17.6 and 4.26 of the ADAAG.

11. The bathtub does not provide a seat as required in Section 4.20.3 of the ADAAG. The seat provided does not fit in bathtub.

12. The sinks in the restroom provided in the room designated for disabled use do not meet the requirements prescribed in Section 4.24 of the ADAAG.

13. The mirrors and dispensers provided in the restroom provided in the room designated as accessible are in violation of the requirements in Sections 4.19 and 4.27 of the ADAAG.

14. Accessible rooms are not dispersed among various classes of sleeping accommodations in violation of ADAAG. There are only smoking rooms that are non-accessible. Further inspection may reveal further violations in this regard.

15. Closet/storage components do not comply with ADAAG regulations

15. The discriminatory violations described in paragraph 14 are not an exclusive list of the Defendants' ADA violations.  Plaintiff requires the inspection of the Defendants' place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access.  The individual Plaintiff, and all other individuals similarly situated, has been denied access to, and has been denied the benefits of, services, programs and activities of the Defendants' buildings and their facilities, and has otherwise been discriminated against and damaged by the Defendants because of the Defendants' ADA violations, as set forth above.  The individual Plaintiff, and all others similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein.  In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendants' place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

16. Defendants have discriminated against Plaintiff by denying him access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of their place of public accommodation or commercial facility, in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq.  Furthermore, the Defendants continue to discriminate against Plaintiff, and all those similarly situated, by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and

by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

17.     Plaintiff is without adequate remedy at law, will suffer irreparable harm, and has a clear legal right to the relief sought.  Further, injunctive relief will serve the public interest and all those similarly situated to Plaintiff.  Plaintiff has retained the undersigned counsel and is entitled to recover attorneys fees, costs and litigation expenses from Defendants pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

18.     A Defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for their place of public accommodation that has existed prior to January 26, 1992, 28 CFR 36.304(a); in the alternative, if there has been an alteration to Defendant's place of public accommodation since January 26, 1992, then Defendants are required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR 36.402; and finally, if the Defendant's facility is one which was designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR 36.401, then the Defendant's facility must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

19.     Notice to Defendants is not required as a result of the Defendant's failure to cure the violations by January 26, 1992 (or January 26, 1993, if a Defendant has 10 or fewer employees and gross receipts of $500,000 or less).  All other conditions precedent have been met by Plaintiff or waived by the Defendants.

20. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to alter Defendants' hotel located at 3001 N. Federal Highway, Fort Lauderdale, Florida 33306, its interiors and the common exterior areas of the properties to make those facilities readily accessible and useable to the Plaintiff and all other mobility-impaired persons; or by closing the facility until such time as the Defendants cures their violations of the ADA.

WHEREFORE, the Plaintiff, JAN BENSON SEGAL, respectfully requests that this Honorable Court issue (i) a Declaratory Judgment determining Defendants at the commencement of the subject lawsuit are in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.; (ii) Injunctive relief against Defendants including an order to make all readily achievable alterations to the facilities; or to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require Defendants to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services; (iii) An award of attorneys fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205; and (iv) such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

[*signature block on following page*]

DATED:  October 17, 2011.

                                          Respectfully submitted,

                              By:     /s/ Daniel B. Reinfeld
                                          DANIEL B. REINFELD, ESQ.
                                          Florida Bar No.:  174815
                                          DILL & REINFELD, PLLC
                                          Attorneys for Plaintiff
                                          Wells Fargo Financial Center
                                          1909 Tyler Street, Fourth Floor
                                          Hollywood, FL 33020
                                          Telephone: (954) 558-8139
                                          Facsimile: (954) 628-5054
                                          E-Mail: dan@reinfeldlaw.com


                                          Respectfully submitted,

                              By:     /s/ W. Glenn Dill
                                          WILLIAM GLENN DILL, ESQ.
                                          Florida Bar No.:  174815
                                          DILL & REINFELD, PLLC
                                          Attorneys for Plaintiff
                                          Wells Fargo Financial Center
                                          1909 Tyler Street, Fourth Floor
                                          Hollywood, FL 33020
                                          Telephone: (305) 632-4212
                                          Facsimile: (954) 628-5054
                                          E-Mail: dillwg@aol.com